**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**TASHA PACK,**

**Plaintiff,**

**v.** **Civil Action No. 2:25-CV-25**
**(JUDGE KLEEH)**

**UNITED STATES OF AMERICA,**

**Defendant.**

**ORDER TO SHOW CAUSE**

This matter is before the undersigned United States Magistrate Judge pursuant to a Referral Order [ECF No. 6] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on October 2, 2025. By the Referral Order, Chief Judge Kleeh directed the undersigned to enter orders or reports and recommendations, as appropriate, and to dispose of other matters herein.

Tasha Pack ("Plaintiff") filed the Complaint [ECF No. 1] herein on October 1, 2025. Plaintiff named the United States of America as Defendant. Plaintiff also filed a Consent to Collection of Fees from Trust Account. [ECF No. 2]. Additionally, she filed a Motion for Summary Judgement. [ECF No. 4].

On October 6, 2025, the undersigned directed Plaintiff to either pay the required filing fee or file the Application to proceed *in forma pauperis*. [ECF No. 7].

On October 27, 2025, Plaintiff filed her *pro se* Motion to Proceed *in forma pauperis* [ECF No 12] and a Pro Se Motion to Extend Deadline for Part of *in forma pauperis* Form. [ECF No. 11]. Regarding the requested extension, she is still, "waiting for a ledger of inmate account transactions." Id. On October 29, 2025, the Court granted the request and provided Plaintiff with

a 30- day extension to file the applicable forms regarding her request to proceed *in forma pauperis*. [ECF No. 13].

On December 4, 2025, the undersigned, considering said deadline having passed and no ledger of inmate transactions filed, ordered the Plaintiff to show cause, within 60 days, as to why this matter should not be dismissed, without prejudice, for failure to prosecute.

On December 12, 2025, Plaintiff filed a letter form "Motion to File Document and Show Cause." [ECF No. 17]. Plaintiff provided the applicable inmate ledger and explained that her delay was in part because of an overall delay in receiving the Court's Order [ECF No. 15] and lack of funds for the necessary postage. [ECF No. 17, at 2].

On December 18, 2025, the undersigned construed her filing as a response to the Order to Show Cause [ECF No. 15] and discharged her show cause obligation inasmuch as Plaintiff had shown good cause for failure to file the ledger of inmate transactions. [ECF No. 18]. Additionally, the Court granted her motion to proceed without *in forma pauperis*. [Id.]. Lastly, the Court noted that it did "not appear that Plaintiff has completed proper summons and provided it to the Clerk of the Court for issuance." [Id., at 3]. It was further ordered that Plaintiff provide to the Clerk of the Court properly-completed proposed summons for issuance.

A review of the docket shows that Plaintiff has failed to provide the Clerk of Court with the requisite summons for issues, and subsequently, has failed serve the Complaint on Defendant in the timeframe required by the Federal Rules of Civil Procedure. Importantly, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure,

the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).

Accordingly, because Plaintiff has failed to provide a proper summons, and ultimately failed to serve the Complaint on Defendant within 90 days of filing it, she is **ORDERED** to show cause **within TWENTY-ONE (21) days from the date of this Order** as to why this case should not be dismissed without prejudice as to Defendant.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order all *pro se* parties by certified mail, return receipt requested, to their last known address(es) as shown on the docket; and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: March 19, 2026**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE