**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**TASHA PACK,**
***a.k.a. Hayden Pack,***

**Plaintiff,**

**v.** **Civil Action No. 2:25-CV-25**
**(JUDGE KLEEH)**

**UNITED STATES OF AMERICA,**

**Defendant.**

**ORDER FINDING THAT PLAINTIFF HAS SHOWN CAUSE FOR FAILURE TO PROVIDE THE CLERK WITH PROPER SUMMONS, FOR THE CLERK TO RE-ISSUE *PRO SE* PACKET, AND DIRECTING PLAINTIFF TO PROVIDE THE CLERK WITH SUMMONSES**

This matter is before the undersigned United States Magistrate Judge pursuant to a Referral Order [ECF No. 6] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on October 2, 2025. By the Referral Order, Chief Judge Kleeh directed the undersigned to enter orders or reports and recommendations, as appropriate, and to dispose of other matters herein.

Tasha Pack ("Plaintiff") filed the Complaint [ECF No. 1] herein on October 1, 2025. Plaintiff named the United States of America as Defendant. Plaintiff also filed a Consent to Collection of Fees from Trust Account. [ECF No. 2]. Additionally, she filed a Motion for Summary Judgment. [ECF No. 4].

On October 6, 2025, the undersigned directed Plaintiff to either pay the required filing fee or file the Application to proceed *in forma pauperis*. [ECF No. 7].

On October 27, 2025, Plaintiff filed her *pro se* Motion to Proceed *in forma pauperis* [ECF No 12] and a *Pro Se* Motion to Extend Deadline for Part of *in forma pauperis* Form. [ECF No. 11]. Regarding the requested extension, she is still, "waiting for a ledger of inmate account

transactions." [Id.]. On October 29, 2025, the Court granted the request and provided Plaintiff with a 30- day extension to file the applicable forms regarding her request to proceed *in forma pauperis*. [ECF No. 13].

On December 4, 2025, the undersigned, considering said deadline having passed and no ledger of inmate transactions filed, ordered the Plaintiff to show cause, within 60 days, as to why this matter should not be dismissed, without prejudice, for failure to prosecute.

On December 12, 2025, Plaintiff filed a letter form "Motion to File Document and Show Cause." [ECF No. 17]. Plaintiff provided the applicable inmate ledger and explained that her delay was in part because of an overall delay in receiving the Court's Order [ECF No. 15] and lack of funds for the necessary postage. [ECF No. 17, at 2].

On December 18, 2025, the undersigned construed her filing as a response to the Order to Show Cause [ECF No. 15] and discharged her show cause obligation, inasmuch as Plaintiff had shown good cause for failure to file the ledger of inmate transactions. [ECF No. 18]. Additionally, the Court granted her motion to proceed *in forma pauperis*. [Id.]. Lastly, the Court noted that it did "not appear that Plaintiff has completed proper summons and provided it to the Clerk of the Court for issuance." [Id., at 3]. It was further ordered that Plaintiff provide to the Clerk of the Court properly-completed proposed summons for issuance. The Clerk of Court also provided her with the full "*pro se*" packet of forms and information.

On March 19, 2026, considering Plaintiff had not provided the Clerk of Court with a summons, the undersigned ordered Plaintiff to show cause, within 21 days, as to why this matter should not be dismissed without prejudice. [ECF No. 20]. Plaintiff filed a response [ECF No. 22] to that Order on March 27, 2026, acknowledging her error, attributing it to her *pro se* status and

lack of familiarity with the process. Furthermore, she indicated issues with receiving her legal mail. Lastly, construed liberally, she further requests assistance in effecting service of process.

Upon review of Plaintiff's response [ECF No. 22], the Court **FINDS** that Plaintiff has shown cause for failure to serve the Complaint as required. It is so **ORDERED**.

Federal Rule of Civil Procedure 4 provides, in relevant part, that a plaintiff is responsible for service of summons and the complaint "within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Summonses are issued by the Clerk of the Court upon receipt of a properly completed summons. Fed. R. Civ. P. 4(b). When a "plaintiff is authorized to proceed *in forma pauperis* [as a prisoner] under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916," the court must order service by the United States Marshals Service. Otherwise, the court may order service by marshal upon a plaintiff's request. Fed. R. Civ. P. 4(c)(3).

However, regarding Plaintiff's request for assistance in producing a summons and service of the Complaint [ECF No. 1], it is Plaintiff's obligation to effectuate proper service. Considering Plaintiff's *pro se* status and the legal mail obstacles, the Clerk of the Court is **DIRECTED** to re-issue the full *pro se* packet to Plaintiff.

**Further, Plaintiff <u>has not</u> completed a proper summons and provided it to the Clerk of the Court for issuance. Thus, it is hereby ORDERED that Plaintiff shall, forthwith, provide to the Clerk of the Court properly-completed proposed summons for issuance.**

Once served, Defendant(s) shall file an Answer in accordance with Fed. R. Civ. P. 12 and serve a copy of the same on Plaintiffs in accordance with the directives of Local Rule of Civil Procedure 5.01(d).[1]

[1] (d) *Pro Se* Parties: Because *pro se* parties are not electronic filers, parties must serve *pro se* parties traditionally with paper.

The Court **ORDERS** and **NOTICES** that in accordance with this District's Local Rules of General Procedure, Plaintiffs "shall stipulate in an affidavit that any recovery in the action shall, pursuant to the order of the Court, be paid to the Clerk, who shall pay therefrom any remaining unpaid costs taxed against the Plaintiff and remit the balance to the Plaintiff." L. R. Gen. P. 3.01.[2]

It is further **ORDERED** that Plaintiff shall properly serve the Complaint on Defendant(s) on or before **forty-five (45) days from the date of entry of this Order**. Plaintiff is cautioned that failure to achieve proper service by that time may result in dismissal of this action.

It is all so **ORDERED.**

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and counsel of record, and all agencies as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: March 31, 2026

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

[2] The Local Rules of the Northern District of West Virginia are available online at https://www.wvnd.uscourts.gov/sites/wvnd/files/NDWV%20Local%20Rules%202018%20MASTER.pdf%20with%20appendix.pdf.