**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**TASHA PACK,**
***a.k.a. Hayden Pack,***

**Plaintiff,**

**v.** **Civil Action No. 2:25-CV-25**
**(JUDGE KLEEH)**

**UNITED STATES OF AMERICA,**

**Defendant.**

**REPORT AND RECOMMENDATION, RECOMMENDING ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE COMPLAINT**

October 1, 2025, *pro se* Plaintiff Tasha Pack ("Plaintiff") filed the Complaint [ECF No. 1] against Defendant United States of America ("Defendant"). Plaintiff also filed a Consent to Collection of Fees from Trust Account, [ECF No. 2], and a Motion for Summary Judgment. [ECF No. 4]. On October 2, 2025, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered a Referral Order [ECF No. 6], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

Having reviewed the Complaint and various associated filings, and having conducted a thorough review of the record and the applicable law, the undersigned now respectfully **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By filing her Complaint [ECF No. 1], Plaintiff she seeks to "terminate [her] United States citizenship."

On October 6, 2025, the undersigned directed Plaintiff to either pay the required filing fee or file the Application to proceed *in forma pauperis*. [ECF No. 7].

On October 27, 2025, Plaintiff filed her *pro se* Motion to Proceed *in forma pauperis* [ECF No 12] and a *Pro Se* Motion to Extend Deadline for Part of *in forma pauperis* Form. [ECF No. 11]. Regarding the requested extension, she is still, "waiting for a ledger of inmate account transactions." [Id.]. On October 29, 2025, the Court granted the request and provided Plaintiff with a 30-day extension to file the applicable forms regarding her request to proceed *in forma pauperis*. [ECF No. 13].

On December 4, 2025, the undersigned, considering the deadline having passed and no ledger of inmate transactions filed, ordered Plaintiff to show cause, within 60 days, as to why this matter should not be dismissed, without prejudice, for failure to prosecute. [ECF No. 15].

On December 12, 2025, Plaintiff filed a letterform Motion to File Document and Show Cause. [ECF No. 17]. Plaintiff provided the applicable inmate ledger and explained that her delay was in part because of an overall delay in receiving the Court's Order [ECF No. 15] and lack of funds for the necessary postage. [ECF No. 17, at 2].

On December 18, 2025, the undersigned construed her filing as a response to the Order to Show Cause [ECF No. 15] and discharged her show cause obligation, inasmuch as Plaintiff had shown good cause for failure to file the ledger of inmate transactions. [ECF No. 18]. Additionally, the Court granted her motion to proceed *in forma pauperis*. [Id.]. Lastly, the Court highlighted that it did "not appear that Plaintiff has completed proper summons and provided it to the Clerk of the Court for issuance." [Id., at 3]. It was further ordered that Plaintiff provide to the Clerk of the Court properly-completed proposed summons for issuance. The Clerk of Court also provided her with the full *pro se* packet of forms and information.

On March 19, 2026, considering Plaintiff had not provided the Clerk of Court with summons, the undersigned ordered Plaintiff to show cause, within 21 days, as to why this matter should not be dismissed without prejudice. [ECF No. 20].

On March 27, 2026, Plaintiff filed a response [ECF No. 22] to that Order, acknowledging her error, attributing it to her *pro se* status and lack of familiarity with the process. Furthermore, she indicated issues with receiving her legal mail. Lastly, construing the response liberally, she further requested assistance in providing a summons to the Clerk of Court.

On March 31, 2026, the Court discharged Plaintiff's show cause obligation and directed her to serve the Complaint within 45 days. [ECF No. 23].

**II. LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). For good cause to be shown, there must be a, "showing of diligence on the part of the plaintiffs." Attkisson v. Holder, 925 F. 3d 606, 627 (4th Cir. 2019). Notably, "[w]hile 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court that is reviewing a dismissal under Rule 4(m)." Id. "Consistent with that foundational principle, good cause is commonly found to 'exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a 'fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." Gelin v. Shuman, 35 F.4th 212, 218 (4th 2022)(quoting Attkisson, at 625)).

## III. ANALYSIS

A review of the docket herein shows that Plaintiff has failed to timely serve the Complaint on Defendant pursuant to Federal Rule of Civil Procedure 4(m). Regarding this failure, the undersigned entered an Order to Show Cause [ECF No. 20] on March 19, 2026. It appears that service was accepted. [ECF No. 21]. As noted in the Order to Show Cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).

By the above-noted response [ECF No. 22] filed on March 27, 2026, Plaintiff also stated, "[i]n regards to proper summons, I am unsure of how to issue summons in this case. I would ask that the Court provide instruction." [ECF No. 22, at 2]. At every juncture Plaintiff has been provided with requisite information, and direction, regarding her burden to serve the Complaint. In addition, Plaintiff has twice been provided with the Notice of General Guidelines for Appearing *Pro Se* in Federal Court. [See ECF Nos. 3, 18]. At bottom, despite being provided information, along with a plethora of additional time, Plaintiff has still failed to complete the requisite tasks required for effectuating service.

Accordingly, because Plaintiff has failed to serve the Complaint on Defendant within the time frame of which she was permitted to do so, the undersigned **FINDS** that dismissal of the matter is appropriate.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that, pursuant to the Federal Rules of Civil Procedure that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**. Correspondingly, the undersigned further **RECOMMENDS** that Plaintiff's Motion for Summary Judgment [ECF No. 4] be **DENIED** as prematurely filed.

Any party shall have **fourteen (14) days** from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* by certified mail, and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on May 26, 2026.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE