**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

TASHA PACK,
    *a.k.a. Hayden Pack,*

    **Plaintiff,**

**v.**                                                   **Civil Action No. 2:25-CV-25
    (JUDGE KLEEH)**

UNITED STATES OF AMERICA,

    **Defendant.**

### SUPPLEMENTAL REPORT AND RECOMMENDATION, RECOMMENDING ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE COMPLAINT

On May 26, 2026, the undersigned United States Magistrate Judge entered a Report and Recommendation [ECF No. 25], recommending that *pro se* Plaintiff's Complaint be dismissed. Thereafter, on the same date, Plaintiff lodged a filing [ECF No. 26], which is a response to a prior Order to provide a proper summons. By the response, Plaintiff appears to request the Court's assistance in achieving service. The undersigned provides this Supplemental Report and Recommendation to address the response.

By way of background, October 1, 2025, *pro se* Plaintiff Tasha Pack ("Plaintiff") filed the Complaint [ECF No. 1] against Defendant United States of America ("Defendant"). Plaintiff also filed a Consent to Collection of Fees from Trust Account, [ECF No. 2], and a Motion for Summary Judgment. [ECF No. 4]. On October 2, 2025, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered a Referral Order [ECF No. 6], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

1

On May 26, 2026, the undersigned entered his Report and Recommendation, recommending dismissal for failure to effectuate service, including a failure to provide the Clerk's Office with a proper summons.  [ECF No. 25].

On the same date, Plaintiff filed a the above-noted response. [ECF No. 26]. She states that she is "enclosing summons forms and copies thereof for service. They have been properly complete to the best of [her] knowledge." [Id., at 1]. She further requests the United States Marshals Service effectuate service, considering her indigent status. Lastly, she also includes an "addendum" that she "mistakenly sent an incomplete address" and will "send again (18 May 2026) without this error." [ECF No. 26-1].

Upon review of Plaintiff's response, the undersigned now respectfully submits this Supplemental Report and Recommendation, recommending that the claims be dismissed for the reasons previously set forth. The undersigned's previous analysis remains unaltered by the recent filing. Plaintiff still fails to do what is required. Specifically, she has failed to provide an adequate address for a summons to achieve service of process. Moreover, given the nature of the remedy she seeks (the dissolution of her citizenship), it remains uncertain whether she has even identified the correct defendant. Considering this, it would be improper for the Court to intervene to order service of process to a party at an unknown address, where it is unclear whether the party Plaintiff would serve is correctly identified. At bottom, it is her obligation to bring the instant claim against the correct individual and effectuate proper service upon them. She has failed complete to do so.

Accordingly, even in view of the response [ECF No. 26], the undersigned continues to respectfully **RECOMMEND** that the Complaint herein be **DISMISSED without prejudice**.

Any party shall have **fourteen (14) days** from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the**

**portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to transmit copies of this Supplemental Report and Recommendation to the *pro se* Plaintiffs by certified mail, return receipt requested, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted May 27, 2026.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE